## Motor Vehicle Certificates.

*Motor-vehicles—Title—Title in husband—Assignment of certificate by wife—Desertion—Change of title—Act of May 24, 1923.*

Under the Motor Vehicle Act of May 24, 1923, P. L. 425, the Department of Highways has no power to honor an assignment by a married woman of a certificate of title to a motor-vehicle issued to, and in the name of, her husband, who is alleged by her to have deserted her and ceased to contribute to her support, unless the desertion has been established and the title transferred by proper legal proceedings.

Department of Justice. Opinion to Mr. Benjamin Eynon, Register of Motor Vehicles, Department of Highways.

Motor Vehicle Certificates.

CAMPBELL, 1st Dep. Att'y-Gen., March 25, 1924.—In your letter of the 1st inst. to this department, you inquire whether or not your department can honor an assignment by a married woman of a certificate of title to a motor-vehicle issued to, and in the name of, her husband, who has left her and ceased to contribute to her support, and whether or not you can, on the authority of such assignment, issue a new certificate of title to such assignee.

In the case which you cite, an official certificate of title for the motor-vehicle in question was issued to the husband by the Secretary of Highways, under authority of section 2 of the act of assembly approved May 24, 1923, P. L. 425, after he had satisfied himself that the applicant was the lawful owner thereof. No question is raised as to the ownership or right of possession of such motor-vehicle at the time of the issuance of said certificate of title.

Upon the change of ownership of a motor-vehicle, the Act of May 24, 1923, requires the new owner to obtain a new certificate of title thereto from the Department of Highways, and it authorizes the Secretary of Highways to issue such new certificate only upon the presentation to him of certain specified proof of such change of ownership. It may be added that after transfer of the motor-vehicle it cannot be operated until license plates have been issued to the new owner, and that such plates cannot be issued until a new certificate of title has been issued.

Change of ownership is classified in the act under two heads, to wit, (1) sales, and (2) operation of law, and the proof required to be presented to the Secretary of Highways under each is set forth and must be complied with.

1. Section 3 of the act is as follows: ". . . In the event of the sale or transfer of the ownership of a motor-vehicle for which an original certificate of title has been issued as aforesaid, the original holder of such certificate of title shall endorse on the back of the same an assignment thereof . . . and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor-vehicle. The purchaser or transferee shall . . . present such certificate of title, assigned as aforesaid, to the commissioner, whereupon a new certificate of title shall be issued to the assignee. . . ."

So far as the issuance of a new certificate of title is concerned in the case of a sale or transfer of the ownership of a motor-vehicle, the act has made the assignment of the certificate of title issued to the original holder the only proof of such change of ownership, and such assignment must be made by the original holder.

This provision is mandatory, and, therefore, no such assignment having been produced in the case which you state, you cannot issue a new certificate of title for the motor-vehicle in question under the authority of section 3 of the act.

2. Section 8 of the act provides as follows: "In case of the transfer of ownership or possession of a motor-vehicle by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin or execution sale, or whenever a motor-vehicle is sold at public sale to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a lease, contract of conditional sale or other like agreement, it shall thereupon become the duty of the person from whose possession such motor-vehicle was taken, and without prejudice to his rights in the premises, immediately to surrender the certificate of title for such motor-vehicle to the person to whom possession of such motor-vehicle has so passed. The commissioner, upon surrender of prior certificate of title, or, when that is not pos-

sible, upon presentation of satisfactory proof to the commissioner of ownership and right of possession to such motor-vehicle, and upon payment of the fee of two ($2) dollars and presentation of application for certificate of title, shall issue to the applicant to whom possession of such motor-vehicle has so passed a certificate of title thereto. . . ."

The authority here given to issue a new certificate is based upon the transfer of title and possession or right of possession by operation of law.

If the right to the issuance of a new certificate of title to the wife in the case which you mention is to be based upon this section of the act, it must be because *(a)* the fact of a legal desertion has been established, and *(b)* desertion *ipso facto* vests all the personal property of the deserting husband in the wife.

*(a)* The only evidence you have of desertion is contained in the statement or charge of the wife. This is not sufficient. The husband deserts the wife when he separates himself from her without reasonable cause. Desertion involves the fact of separation and the reason therefor.

Even if desertion can be established, it must be done in the legal way. You have no jurisdiction to determine this question; it must be determined in the proper court.

*(b)* The judgment of the proper court that the husband has deserted his wife without reasonable cause does not vest his property in her. If it vests his motor-vehicle, it vests all of his property in her. She is entitled to her reasonable and proper support—no more.

There are several acts of assembly under which the fact of desertion may be determined and under which the property of the deserting husband, sufficient to maintain the wife, may be seized and sold. See Acts of April 13, 1867, P. L. 78; June 15, 1917, P. L. 614; March 13, 1903, P. L. 26; July 21, 1913, P. L. 867; July 12, 1919, P. L. 939.

These acts provide for proceedings to divest title of the deserting husband to personal property, both in cases in which he can be personally served with process and in cases in which he cannot be so served.

I am of the opinion that, before you are authorized to issue a new certificate of title to the motor-vehicle in question, the fact of the desertion of the husband must be determined and transfer of title to his motor-vehicle must be made in some one of the ways outlined in the above cited acts, proof of which must be submitted to you.　　　　From C. P. Addams, Harrisburg, Pa.